**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matezsa Cheatham,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Oladapo Olajide,<br><br>　　　　　Defendant. | No. CV-21-00485-PHX-JJT<br><br>**ORDER** |

At issue is Third-Party Defendant Jeff Fine's Motion to Dismiss (Doc. 23, MTD), to which Third-Party Plaintiff and Counterclaimant Oladapo Olajide filed a Response (Doc. 24, Resp.), and Third-Party Defendant filed a Reply (Doc. 27). The Court will also address Mr. Olajide's Motion to Dismiss (Doc. 9) as well as his Motion for a Preliminary Injunction (Doc. 20). For the following reasons, the Court will grant Third-Party Defendant's Motion to Dismiss with prejudice and deny the remaining motions at issue.

**I.     BACKGROUND**

This matter arises from a state law dispute pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), A.R.S. § 25-1055. Plaintiff and Counterdefendant Matezsa Cheatham obtained a child support Judgment against Mr. Olajide in California. (MTD at 2; Doc. 1-1 at 1-27.) After she registered the Judgment under the UCCJEA, Mr. Fine, in his official capacity as the Clerk of the Superior Court of Maricopa County, sent a Notice to Mr. Olajide informing him of the existence as well as his right to object to the Judgment. (Doc. 1-1 at 22; MTD, Ex. A.) On February 22, 2021

the Notice was filed in the Superior Court.[1] (MTD, Ex. B, Maricopa Superior Court Family Court docket, case no. FC2021-070213, Cheatham v. Olajide.) The Notice stated:

> You are hereby notified that a Child Custody Determination from another state has been registered in the Superior Court of Arizona in Maricopa County. A copy of that order and the documents and relevant information accompanying that order are enclosed.
>
> A registered determination is enforceable as of the date of registration in the same manner as a determination issued by a court of this state. The date of registration is 02/22/21.
>
> A request for a hearing to contest the validity of the registered determination must be filed within twenty days after service of the notice. Failure to contest the registration shall result in confirmation of the child custody determination and preclude further contest of that determination with respect to any matter that could have been asserted,
>
> The foregoing mailed to the non-registering party under the name and address aforementioned. Given under my hand and seal of the Superior Court of the State of Arizona, in and for the County of Maricopa, this date 02/22/2021.

(Doc. 1-1 at 22; MTD, Ex. A.) Mr. Olajide needed to appear in court and pay a filing fee to contest the Judgment. (Doc. 19, Amended Counterclaim and Third-Party Complaint ¶ 4.) He appears to allege that he paid the fee. (Amended Counterclaim and Third-Party Complaint ¶¶ 13-14, 16.) Mr. Olajide then filed his initial Counterclaim and Third-Party Complaint against Ms. Cheatham and Mr. Fine alleging causes of action under the Thirteenth Amendment as well as multiple federal statutes and removed the entire litigation to Federal Court (Doc. 1, Notice of Removal; Doc. 1-1).

Mr. Fine subsequently filed his first Motion to Dismiss (Doc. 13), which prompted Mr. Olajide to file the operative Amended Counterclaim and Third-Party Complaint. Mr. Fine then filed the Motion to Dismiss at issue.

---

[1] The Court may take judicial notice of the Superior Court docket. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record").

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations [] it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith*, 84 F.3d at 1217. However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits properly included in the complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial

1  jurisdiction of the trial court or (2) capable of accurate and ready determination by resort
2  to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also*
3  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may
4  take judicial notice of undisputed "matters of public record"). The court may disregard
5  allegations in a complaint that are contradicted by matters properly subject to judicial
6  notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

7  **III.    ANALYSIS**

8      **A.    Motion to Dismiss**

9  Mr. Olajide's Amended Counterclaim and Third-Party Complaint brings claims for
10 violations of the Thirteenth Amendment and multiple federal statutes, including the
11 Enforcement Act of 1870, Antipeonage Act, and 42 U.S.C. § 1982. The allegations are
12 convoluted and difficult for the Court to follow but appear solely to be based upon his
13 payment of the required filing fee. Mr. Olajide alleges that the filing fee violates federal
14 law but fails to allege additional facts illustrating how it does so. Instead, Plaintiff makes
15 wild accusations of "involuntary servitude" and "threats to his life" because he is a Black
16 man. (Amended Counterclaim and Third-Party Complaint ¶¶ 10, 15, 21.) To the extent
17 Mr. Olajide is attempting to claim that the filing fee is racially discriminatory, he fails. He
18 has alleged no facts to show that his race played any role in the required filing fee. At most,
19 Mr. Olajide offers "labels and conclusions," which are insufficient to support his claims.
20 *Bell Atl. Corp*, 550 U.S. at 555.

21 The vast majority of Mr. Olajide's Third-Party Complaint is incomprehensible. The
22 parts that the Court can understand contain mere conclusory allegations that are insufficient
23 to state a claim. Therefore, the Court need not analyze Mr. Olajide's causes of actions
24 individually. The Court shall dismiss the Amended Counterclaim and Third-Party
25 Complaint against Mr. Fine with prejudice.

26     **B.    Counterclaim Against Ms. Cheatham**

27 While Ms. Cheatham was not included in Mr. Fine's Motion to Dismiss, the Court
28 may consider his arguments to the extent they apply to her. *See Silverton v. Dep't of*

*Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."). Here, Mr. Olajide brings the same claims based on the filing fee against both Ms. Cheatham and Mr. Fine. Accordingly, the claims are integrally related, and the Court will *sua sponte* dismiss the Amended Counterclaim and Third-Party Complaint against Ms. Cheatham with prejudice.

### C.     Mr. Olajide's Motion for Preliminary Injunction

On May 20, 2021, Mr. Olajide filed a Motion for a Preliminary Injunction seeking to enjoin Mr. Fine and Ms. Cheatham from impairing his federal right to receive just compensation. (Doc. 20 at 4.). The injunction appears to be based on the same claims brought in Mr. Olajide's Amended Counterclaim and Third-Party Complaint, which the Court will dismiss with prejudice. As such, the claims are insufficient to establish the requirements for an injunction.

Therefore, the Court will deny Mr. Olajide's Motion for a Preliminary Injunction.

### D.     Mr. Olajide's Motion to Dismiss

On April 5, 2021, Mr. Olajide filed a Motion to Dismiss Ms. Cheatham's Request to Register a Foreign Court Order for Legal Decision Making, Parenting Time, or Non-Parent Visitation in Arizona (Doc. 9). Under 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it had original jurisdiction." Here, Ms. Cheatham's Request is purely a matter of state law that only is in federal court due to Mr. Olajide's frivolous counterclaims. Accordingly, the Court declines to exercise jurisdiction over her Request and thus lacks jurisdiction to decide Mr. Olajide's Motion to Dismiss.

**IT IS THEREFORE ORDERED** granting Third-Party Defendant Jeff Fine's Motion to Dismiss (Doc. 23). Counterclaimant and Third-Party Plaintiff Oladapo Olajide's Amended Counterclaim and Third-Party Complaint shall be dismissed against Jeff Fine as well as Plaintiff and Counterdefendant Matezsa Cheatham with prejudice.

**IT IS FURTHER ORDERED** denying Third-Party Defendant Jeff Fine's Motion to Dismiss as moot (Doc. 13).

**IT IS FURTHER ORDERED** denying Counterclaimant and Third-Party Plaintiff Oladapo Olajide's Motion for a Preliminary Injunction (Doc. 20).

**IT IS FURTHER ORDERED** denying Counterclaimant and Third-Party Plaintiff Oladapo Olajide's Motion to Dismiss (Doc. 9).

**IT IS FURTHER ORDERED** remanding this matter back to the Superior Court of Arizona in and for Maricopa County. The Clerk shall close this matter.

Dated this 7th day of October, 2021.

Honorable John J. Tuchi
United States District Judge